JUDGE HARDIN
delivered the opinion of the court :
Tbe appellant was arrested and tried before the presiding judge of the Fayette county court, upon a warrant charging him with “ the offense of peddling — selling shrubbery and fruit trees — without license.”
The trial resulted in a judgment against the defendant for a fine of one hundred dollars and the costs of the prosecution, from which he has'appealed to this court.
By an agreed statement of the facts it appears, that, in the spring of 1866, “the defendant showed several persons pictures of fruit which would grow on trees which he proposed to sell to them, from a nursery in New York;” and several persons having contracted with him for trees, they were delivered by appellant, and paid for by the purchasers, shortly before the warrant was sued out. It further appears, that the appellant did not sell, or offer to sell, trees to any others than those who had engaged them in the spring; and thát he had not taken out a license as‘a peddler.
The first question presented for consideration is, had the county judge jurisdiction to impose the fine of one hundred dollars ? The solution of this question involves the construction of the “ act to amend the several acts in relation to peddlers,” approved February 17, 1858 (R. S., vol. 2, page 283), in connection with the act approved March 4,1856 (same volume,page 276).
The first section of said act of 1856 describes, in comprehensive terms, the class of persons who shall be deemed peddlers; and, by succeeding sections, the manner and conditions are prescribed upon which they may *127 be licensed to lawfully traffic as peddlers; and the fifth section provides, that “ any person offering to sell or peddle any of the above enumerated articles, or other things, as herein contemplated, without first obtaining a license so to do, as before prescribed, shall be deemed guilty of a high misdemeanor, and shall, on conviction thereof, on indictment in the circuit court, be fined in any sum not less than fifty nor more than one hundred and fifty dollars.” The first section of the act approved February 17th, 1858, provides “ that the second, third, fourth, sixth, seventh, eighth, ninth, tenth, twelfth, and thirteenth sections of the act, entitled ‘ An act to amend the several acts in relation to peddlers,? approved March the 4th, 1856, be so amended, that none of the provisions of said sections shall apply to a Iona fide resident white citizen of this Commonwealth, who has actually been such for five years next before the granting to him a license to peddle under the provisions of this act.”
Succeeding sections of the act prescribe how and on what conditions “ a white citizen of this Commonwealth, who has been a bona fide resident,” &c., shall be licensed to peddle in the State at large, or any one or more counties of the State; and in the fourth section it is provided, “ that if any person shall violate the provisions of this act, he shall be fined-in a sum of one hundred dollars, and, in default of payment, shall be imprisoned not less than fifty nor more than one hundred days in the county jail where the offense was committed; one fourth of the fines collected under this act shall go to the informer, and one fourth to the county attorney. The county judge shall have jurisdiction of all violations of this act; and it shall be his duty forthwith to try all cases arising under this law, as soon as the same is brought before him,” &c.
*128 It is claimed that the question of jurisdiction must depend mainly on whether the act of 1856 is or not, by its terms and according to the intention of the Legislature, restricted to persons who are bona fide residents of Kentucky, leaving the act of 1856 exclusively in force as to offenses alleged to have been committed,, as in this case, by non-residents of the State. And in interpreting the legislative intent, we are aided by the important fact that the fifth section of the act of 1856, prescribing the.penalty and conferring the jurisdiction on the circuit court, is neither repealed nor modified by the act of 1858.
It is insisted, however, for the Commonwealth, that the act of 1858 constructively operates to repeal said section; but, in our opinion, the act is not susceptible of this construction, but, as it seems to us, the jurisdiction conferred on the circuit court by the act of 1856 is unimpaired by the subseqent act in cases like this, we have arrived at the conclusion that the presiding judge of the Fayette county court had not jurisdiction to impose the fine.
This conclusion renders the decision of other questions unnecessary.
Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss the proceeding for want of jurisdiction.